Vanessa R. Waldref
Eastern District of Washington
Frieda K. Zimmerman
Dan Fruchter
Molly M.S. Smith
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Bradley D. Keever, Relator,<br><br>                      Plaintiffs,<br><br>      v.<br><br>HANFORD MISSION INTEGRATION SERVICES, LLC,<br>                      Defendant. | No. 4:21-CV-05156-SAB<br><br>Joint Proposed Discovery Plan |

Pursuant to Federal Rules of Civil Procedure 26(f), Local Rule 26.1, and the Court's Notice Setting Telephone Scheduling Conference of May 16, 2024 (ECF No. 30), the parties conferred on April 25 and May 2, 2024, and prepared a Joint Proposed Discovery Plan as follows:

**1.** **<u>Service:</u>** Service of the Government's Complaint in Intervention on Defendant is Complete.

**2.** **<u>Jurisdiction and Venue:</u>** The parties agree this Court has jurisdiction under 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331, 1345, and 1355. Venue is proper

Joint Discovery Plan - Page 1

in the Eastern District of Washington as Defendant HMIS conducts business in the Eastern District of Washington, and a substantial part of the events giving rise to the claim occurred in this judicial district. 28 U.S.C § 1391(b)(2). The parties agree Plaintiff has standing.

3. **Magistrate Judge:** The parties do not consent to this matter being tried before a magistrate judge.

4. **Brief Description of Claims and Defenses:** The United States alleges that Defendant HMIS violated the False Claims Act by submitting claims and receiving payment for labor hours not actually worked by the Fire Systems Maintenance personnel employed by HMIS at the Department of Energy's Hanford Nuclear Site. Defendant denies HMIS violated the False Claims Act.

5. **Preferred Trial Date:** The parties agree to a trial date in fall of 2025, subject to the Court's availability. The Government anticipates it will need three weeks for its case-in-chief. Defendant requests equal time but does not agree that a six-week trial ultimately will be necessary.

6. **Anticipated Motions:** The parties anticipate motion practice, including motions for partial or full summary judgment on liability and/or damages.

7. **Initial Disclosures:** Initial disclosures will be exchanged within 14 days after the parties' Telephonic Scheduling Conference with the Court on May

Joint Discovery Plan - Page 2

16, 2024, in accordance with FRCP 26(a). No changes are needed to the form or requirements under Rule 26(a).

**8.** **Discovery:** The parties anticipate conducting discovery on the United States' claims, potential damages, and Defendant HMIS' affirmative defenses.

Discovery Deadlines: The parties agree with the Court's outlined deadlines, based on a fall 2025 trial date, except with regard to particular case deadlines as described in Section 12.

Electronically Stored Information: The parties agree to the exchange of electronically stored information, when possible, to minimize discovery expenses. The parties have agreed to work cooperatively to manage ESI issues and to continue discussing the most efficient approach to electronic discovery. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree and stipulate that service in this matter may be made via email.

Privilege: Any claims of privilege will be governed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and applicable laws of the United States. With respect to protection of confidential information, the parties are working to draft a proposed Stipulated Protective Order to protect any confidential business records, personnel and/or agency records, and any other cognizable privacy interests.

Modifications to Standard Discovery Procedures: The parties agree that the limits set forth in the Local Rules for requests for admission and requests for

production should be increased to 30 requests for admission and 40 requests for production.

With respect to depositions, the Government proposes that each party may conduct 30 depositions, and that a deposition noticed under Fed. R. Civ. P. 30(b)(6) will be considered one deposition, regardless of whether the topics noted require the designation of several individuals.

The Defendant proposes that each party may conduct 15 depositions (exclusive of cross-notices), and that a deposition of a party (as opposed to a non-party) noticed under Fed. R. Civ. P. 30(b)(6) will be considered one deposition, regardless of whether the noticed topics require the designation of several individuals. This limitation will not apply to Rule 30(b)(6) notices propounded to non-parties.

**9.** **Class Certification:** Not alleged.

**10.** **Minor/Incompetent Party:** Not applicable.

**11.** **Special Procedures:** Not applicable.

**12.** **Modifications to the standard procedures:** To allow adequate time to address any potential expert opinions, the parties propose the following minor modifications to the Court's default scheduling deadlines: (a) simultaneous expert disclosures, 250 days before trial (instead of 230 days); (b) rebuttal expert disclosures, 220 days before trial (instead of 200 days); (c) motion to amended or

add parties, 230 days before trial (instead of 210 days); (d) discovery cutoff, 171 days before trial (instead of 140 days). These changes will afford the parties more time to prepare and respond to *Daubert* and dispositive motions, the deadlines for submission of which remain subject to the Court's standard deadline conventions (192 days and 132 days before trial, respectively).

13. **Bifurcation:** Not applicable.

14. **Dispute Resolution:** The parties will engage in settlement discussions, and the parties anticipate mediation taking place in this matter prior to trial.

15. **Issues for State Certification:** Not applicable.

16. **Other Matters:** The parties have no other matters that may be conducive to the just, efficient, and economical determination of this action.

The parties certify that this report reflects the results of their April 25 and May 2 conferences and the parties' positions with respect to each subject relevant to discovery.

| | |
|---|---|
| **SUMMIT LAW GROUP, PLLC**<br><br>By *s/J. Chad Mitchell*<br>J. Chad Mitchell, WSBA #39689<br>1030 North Center Pkwy, Suite 308<br>Kennewick, Washington 99336<br>Tel: (509) 735-5053<br>Fax: (206) 676-7001<br>*chadm@summitlaw.com*<br><br>**BLANK ROME LLP**<br><br>Shawn M. Wright (*pro hac vice pending*)<br>Luke W. Meier (*pro hac vice pending*)<br>1825 Eye Street NW<br>Washington, DC 20006<br>Tel: (202) 420-2200<br>Fax: (202) 420-2201<br>*shawn.wright@blankrome.com*<br>*luke.meier@blankrome.com*<br><br>*Counsel for Defendant Hanford Mission Integration Solutions LLC* | Vanessa R. Waldref<br>**United States Attorney**<br><br>*s/Frieda K. Zimmerman*<br>Frieda K. Zimmerman<br>Dan Fruchter<br>Molly M.S. Smith<br>Assistant United States Attorneys<br>U.S. Attorney's Office for the<br>Eastern District of Washington<br>920 W. Riverside Drive, Suite 340<br>Post Office Box 1494, Spokane, WA 99201<br>Telephone: (509) 353-2767<br>Email: frieda.zimmerman@usdoj.gov<br><br>*Counsel for the United States of America* |

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on May 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys registered for electronic noticing in this case.

*s/Molly M.S. Smith*
Assistant United States Attorney
*Counsel for Plaintiff*
